<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
AUDREY CARTER TAYLOR          :
HALLETT, et al.,              :
                             :   Civil Action No. 09-3704(FLW)
             Plaintiffs,      :
                             :
                             :
             v.               :   OPINION
                             :
NEW JERSEY STATE, et al.,     :
                             :
             Defendants.      :
```

**APPEARANCES:**

　　　AUDREY CARTER, Plaintiff <u>pro</u> <u>se</u>
　　　P.O. BOX 2113
　　　Trenton, New Jersey 08607

**WOLFSON, District Judge**

　　　Plaintiff Audrey Carter Taylor Hallett (hereinafter

"Plaintiff"), brings this action <u>in</u> <u>forma</u> <u>pauperis</u>, alleging that

the named defendants discriminated against her and other

plaintiffs,[1] "by allowing illegal research, Discrimination,

bodily harm, rape and the use of unauthorized therapy sex by

hypnosis, magic, voodoo and other."  (Plaintiff's Complaint, pg.

1).  The Court has considered Plaintiff's application for

---

　　　[1] Plaintiff names three other plaintiffs, Drayton Carter,
Adrienne Taylor Crawford, and P.W. (Minor), as well as "others
similarly situated."  These plaintiffs have not signed the
Complaint, or the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, and
it appears that the Complaint was prepared and filed solely by
Plaintiff Audrey Carter Taylor Hallett on their behalf without
their knowledge or consent.

indigent status in this case and concludes that she is permitted to proceed in forma pauperis without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a). However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should be dismissed as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

## **BACKGROUND**

Plaintiff brings this action against the following defendants: the "[State of] New Jersey, Mercer County Probation, Ann Milgram, Gov. Corzine, Mayor Doug Palmer, John Hargrove, Arlene Johnson, Bill Liebold, Attorneys Gelson, Kevin Kovacs, Shannaham, Karin Coger, Steve Hallett, Stephen Hallett, Lee Wearing and other, [Judges] John Hughes, Joel Pisano, Garrett Brown, Ann Thompson, Judge Sanchez, Judges McGorrey, McElroy, Forrester, Noden, McMannion, Campbell, Mathias, Rodrique, Debra Robinson Dare, Internal Affairs Det. Gittens and other." (Compl., pg. 1).

Plaintiff alleges that these defendants "[d]id discriminate against the Plaintiffs, by allowing illegal research, Discrimination, bodily harm, rape and the use of unauthorized therapy sex by hypnosis, magic, voodoo and other." (Plaintiff's Complaint, pg. 1). Plaintiff claims that these actions occurred

in Mercer County, New Jersey; Morrisville, Pennsylvania;
Nashville and Clarksville, Tennessee, and other," from 1994 to
2009.  Id.  Plaintiff further alleges that defendants
discriminated against plaintiffs "by illegally not handling court
decision properly, fair and with the right decisions.  Did do
unconsentual [sic] illegal research on the plaintiffs without
their knowledge for over and around nine years, and family,
causing them stress, endangered their medical conditions and
health, altered their lifestyle, affected their employment and
freedom to walk, speak and confinement, loss of miscellaneous
material things and other."  Id.

More specifically, Plaintiff complains about a case
dismissed by the Honorable Anne E. Thompson, U.S.D.J., in Carter
v. New Jersey, Civil No. 09-512 (AET).  Plaintiff had alleged in
that earlier action that minor children were "being raped by all
methods, including sex by hypnosis, magic and other in [the]
United States by people who are and not on probation."  Judge
Thompson dismissed the matter for lack of subject matter
jurisdiction, and Plaintiff has sought to have the case re-opened
or reconsidered by filing repetitive complaints against Judge
Thompson, see this action and Carter v. United States District
Court, et al., Civil No. 09-2314 (JBS), as well as filing letter
requests in Civil No. 09-512 (AET) and Civil No. 09-1047 (AET).

Plaintiff also complains that Judge Campbell, in the Office of Administrative Law, failed to give P.W. (Minor) a fair trial with respect to an action brought to compel Hamilton High School West to give P.W. a proper special education.[2]  She makes the same allegation against Judge Forrester and Judge Noden with respect to a state court juvenile matter involving P.W., who allegedly had been charged with aggravated assault for a water gun.  Plaintiff also alleged that Officer Debra Robinson Dare of the Trenton Police Department trumped up the charge against P.W. (Complaint at Sections 2a, 3a and 4a).

Plaintiff next alleges that Judge McElroy, in the Trenton Municipal Court, denied her the opportunity to speak with respect to her charges against Steve Hallett.  Likewise, Judge Mathius of the Hamilton Municipal Court, failed to allow Plaintiff's rape complaint to be filed or heard in 2000 and/or 2001.  (Complaint at 5a and 6a).

Plaintiff further complains that the Honorable John J. Hughes, U.S.M.J. (now retired), did not make defendant Rasheen Williams apologize to her for failure to answer interrogatories

---

[2]  This Court notes that Plaintiff had filed an action in 2000 in this district, alleging similar claims, in <u>Carter, et al., v. Hamilton High School, et al.</u>, Civil No. 00-4330 (GEB). That case was closed in January 2003, after Judge Brown granted summary judgment for defendants.  Plaintiff sought to reopen the case in April 2009.  The case was reassigned to the Honorable Juan R. Sanchez, U.S.D.J. for the Eastern District of Pennsylvania, and he denied Plaintiff's request to reopen in an Order entered on July 8, 2009.

and meet court deadlines in an action, <u>Taylor v. New Jersey Lottery, et al.</u>, Civil No. 05-5944 (GEB), and that he denied Plaintiff appointment of pro bono counsel.  That case had alleged that defendants had illegal lottery drawings for two years. (Complaint at 7a).

Plaintiff also takes issue with the rulings by the Honorable Garrett E. Brown, Jr., Chief Judge, U.S. District Court of New Jersey, in Civil No. 05-5944 (GEB) and in <u>Carter, et al. v. Hamilton High School, et al.</u>, Civil No. 00-4330 (GEB), as well as Judge Sanchez's denial to reopen her case in Civil No. 00-4330 (GEB).[3]  (Complaint at 8a and 10a).

Plaintiff next contends that Judge McMannion failed to rule properly in a state court case in which the Ford Credit Company sued Plaintiff for failure to make her car payments.  Plaintiff states that Judge McMannion ruled against her in 2008. (Complaint at 9a).

Plaintiff's allegations against the Honorable Joel A. Pisano, U.S.D.J., concern a lawsuit dismissed on August 4, 2006, for failure to state a claim.  <u>Taylor v. New Jersey State, et al.</u>, Civil No. 06-3081 (JAP).  Plaintiff sought to bring prayer back into schools.  She requested that her case be reopened in August 2006, and Judge Pisano denied reconsideration on September 15, 2006.  (Complaint at 11a).

---

[3]   <u>See</u> fn. 2 above.

Next, Plaintiff complains that Judge Rodriguez, of the Trenton Municipal Court, refused to prosecute her claims against two Hispanic women that "jumped" and assaulted her.  (Complaint at 12a).

Plaintiff seeks to re-litigate her claims that defendants, "Steve Hallett, Stephen Hallett, Karin Coger, Cassondra White-Wilson a/k/a Pat Darby-White, Natalie Camous, Nicole, Ermer, Alvina Hallett, Gary Griggs, Det. Gittens and other" used the "method of sex by hypnosis, real sex, some voodoo, some magic and other to rape" and sexually assault Plaintiff for more than a year.  She alleges that defendant Steve Hallett performed unlawful and unconsented research on Plaintiff and the State of New Jersey, and that defendants, Cassondra White-Wilson, Pat White Darby, Gary Griggs, Alvina Hallett, Det. Gittens, and Natalie Comous threatened Plaintiff's life.  Plaintiff admits that these same allegations were raised in her earlier, dismissed cases, Civil No. 09-512 (AET) and Civil No. 09-1047 (AET). (Complaint at ¶ 6).

Finally, Plaintiff alleges that the Hamilton Police Department, the Hamilton Municipal Court and the Trenton Municipal Court failed to allow her to file and prosecute rape charges.  (Complaint at ¶¶ 7, 8 and 9).

6

Plaintiff asks that all court cases be revived, that new court rules, rape laws, and other rules, laws and regulations be made.  She also asks for $275 trillion in damages.

## DISCUSSION

### A.  Standard of Review

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

7

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim.  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P.

8(a)(2).[4]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "<u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  <u>Fed. Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 11949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[4]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  <u>Fed.R.Civ.P.</u> 8(d).

Iqbal, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.  Claims Against Judges Barred by Judicial Immunity**

Generally, a judicial officer in the performance of his or her duties has absolute immunity from suit.  Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L. Ed.2d 9 (1991).  This immunity extends to judges of courts of limited jurisdiction, such as New Jersey municipal court judges.  Figueroa v. Blackburn, 39 F. Supp.2d 479, 484 (D.N.J. 1999), aff'd, 208 F.3d 435, 441-43 (3d Cir. 2000).  Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331 (1978).  "The protection of judicial immunity, though ostensibly for the protection of judges, is in fact 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of

10

consequences.'" <u>Marangos v. Swett</u>, No. 07-5937, 2008 WL 4508753, at *4 (D.N.J., Sept. 29, 2008), <u>aff'd</u>, 2009 WL 1803264 (3d Cir. June 25, 2009) (quoting <u>Pierson v. Ray</u>, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (internal quotation marks omitted)). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. <u>Mireles</u>, 502 U.S. at 11.

Courts have repeatedly emphasized the extensive scope of judicial immunity, holding that immunity applies "'however injurious in its consequences [the judge's action] may have proved to the plaintiff'." <u>Gallas v. Supreme Court</u>, 211 F.3d 760, 769 (3d Cir. 2000)(quoting <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199-200 (1985)). "Disagreement with the action taken by the judge ... does not justify depriving that judge of his immunity.... The fact that the issue before the judge is a controversial one is all the more reason that he should be able to act without fear of suit." <u>Marangos</u>, 2008 WL 4508753 at *4 (quoting <u>Stump</u>, 435 U.S. at 363-64). Further, highlighting its expansive breadth, the court explained "the public policy favoring the judicial immunity doctrine outweighs any consideration given to the fact that a judge's errors caused the deprivation of an individual's basic due process rights." <u>Figueroa</u>, 39 F. Supp.2d at 495.

There are two circumstances where a judge's immunity from civil liability may be overcome. These exceptions to the doctrine of judicial immunity are narrow in scope and are

infrequently applied to deny immunity.  The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity.  Id.; see also Figueroa, 208 F.3d at 440.  The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction.  Mireles, 502 U.S. at 11; Figueroa, 208 F.3d at 440.  Neither exception is applicable in the present case.

In light of the foregoing, Plaintiff's Complaint must be dismissed with respect to all of the judges named herein.  The Court notes, however, that Plaintiff was not without legal recourse to correct any alleged errors made by the courts in her earlier lawsuits.  The appropriate course of action would have been for Plaintiff to file a timely appeal from each case with the United States Court of Appeals for the Third Circuit for all of her federal district court lawsuits, and with the state courts of appeal for her state and municipal court matters.  She did neither.  Instead, it appears, unfortunately, that Plaintiff decided to file this action.

## C.  Claims of Rape, Sexual Assault and Illegal Research

Moreover, this Court notes a pattern in Plaintiff's lawsuits.  It seems that whenever she is dissatisfied with the result reached in court, she resorts to filing the same allegations against the same individuals in a new lawsuit in this District Court.  The allegations of illegal research, rape and

sexual assault by hypnosis, voodoo, magic and "other" have been raised before by Plaintiff, admittedly, in her earlier lawsuits, Civil No. 09-512 (AET) and Civil No. 09-1047 (AET).  Judge Thompson dismissed both cases for lack of subject matter jurisdiction because Plaintiff's claims were limited to allegations that the defendants violated state criminal laws.

Plaintiff's renewed claim against these defendants in this action likewise must be dismissed for lack of subject matter jurisdiction.  Further, as noted above, to the extent that Plaintiff takes issue with the dismissal of her earlier actions, Civil No. 09-512 (AET) and Civil No. 09-1047, her proper recourse is by appeal to the Third Circuit, rather then by filing a repetitive claim, which she knew had been dismissed on jurisdictional grounds in this District Court.[5]

## D.  <u>Claims Against State of New Jersey</u>

This Court will also dismiss the Complaint with respect to defendants, the State of New Jersey, Mercer County Probation, Anne Milgram, Governor Corzine, Mayor Doug Palmer, and the United States, because Plaintiff has asserted no allegations of any kind, let alone, wrongdoing by these defendants.

---

[5]  Plaintiff has attempted to litigate and re-litigate these allegations of rape and sex by hypnosis in federal district court on four occasions: (1) Civil No. 09-512 (AET); (2) Civil No. 09-1047 (AET); (3) Civil No. 09-2314 (JBS); and (4) this action.  At some point, Plaintiff must be warned that her continuous, repetitious, and vexatious lawsuits will be precluded pursuant to 28 U.S.C. § 1651(a), by an All Writs Injunction Order.

In addition, Plaintiff asks for relief beyond this Court's jurisdiction, namely, new rape laws and other legislation that is more properly accomplished through the legislative branch of government.

**E.  <u>All Writs Injunction Order</u>**

Finally, this Court finds that this action as well as many other lawsuits recently filed by Plaintiff this year demonstrate an escalating pattern of abusing the litigation process by filing vexatious, repetitive and frivolous complaints.  Indeed, Plaintiff has been excessively and vexatiously litigious in this Court in the past six months, having filed fifteen (15) separate actions before the Court between February 2009 through mid-August 2009, most of which have been dismissed by the Court <u>sua</u> <u>sponte</u> for reasons including that the claims were frivolous, the Complaint failed to state a claim upon which relief could be granted, and/or because Plaintiff sought relief from defendants who are immune from suit, pursuant to 28 U.S.C. § 1915(e)(2)(B).  <u>See</u> <u>Carter v. New Jersey State, et al.</u>, Civil No. 09-512 (AET)(dismissed on February 20, 2009 for lack of subject matter jurisdiction); <u>Taylor[6] v. New Jersey State, et al.</u>, Civil No. 09-553 (JAP)(dismissed on February 10, 2009 for failure to state a

---

[6]  This Court notes that Plaintiff has used both Audrey Carter and Audrey Taylor as her name in filing her many lawsuits. Sometimes she uses both names together, as either Audrey Carter Taylor or Audrey Taylor Carter.  In the instant Complaint, Plaintiff identifies herself as Audrey Carter Taylor Hallett.

14

claim, and found to be duplicative of an earlier, identical lawsuit, Civil No. 06-3081 (JAP)); Carter v. State of New Jersey, et al., Civil No. 09-1047 (AET)(dismissed on March 13, 2009 for lack of subject matter jurisdiction); Carter v, United States District Court, et al., Civil No. 09-2314 (JBS)(dismissed on August 13, 2009 for lack of subject matter jurisdiction with respect to state law claims and based on judicial immunity); Carter v. Alcohol and Tobacco Trade Bureau, Civil No. 09-3017 (JAP)(dismissed on July 9, 2009 for failure to state a claim); Carter Taylor Hallett v. New Jersey Transit, et al., Civil No. 09-3046 (FLW)(dismissed on September 1, 2009 for failure to state a claim); Taylor Carter v. Firstat Carnegie Nursing Services, et al., Civil No. 09-3832 (FLW)(dismissed on September 1, 2009 for failure to state a claim); Carter Taylor v. Helene Fuld Hospital, et al., Civil No. 09-4029 (FLW)(dismissed on September 1, 2009 for failure to state a claim); Carter v. Ford Motor Credit, et al., Civil No. 09-4030 (FLW)(dismissed on September 1, 2009 for failure to state a claim); Carter v. Fairbanks, et al., Civil No. 09-4032 (FLW)(dismissed on September 1, 2009 for failure to state a claim); and Carter v. Liddie, et al., Civil No. 09-4040 (FLW)(dismissed on September 1, 2009 for failure to state a claim).

   In addition to the numerous filings this year, Plaintiff also has a history of unsuccessful litigation in this district

15

court, spanning years, having filed the following actions, all of which eventually were dismissed as either frivolous or because Plaintiff failed to state a claim for relief: <u>Carter v. New Jersey State, et al.</u>, Civil No. 06-3081 (JAP)(dismissed on August 4, 2006 for failure to state a claim); <u>Taylor-Carter v. Bush, et al.</u>, Civil No. 06-416 (MLC)(dismissed on March 20, 2006 as frivolous (allegations found to be "delusional, irrational and wholly incredible") and malicious (allegations against two individuals appearing to be "abusive and retaliatory in nature")); <u>Taylor v. New Jersey Lottery, et al.</u>, Civil No. 05-5944 (GEB)(dismissed on January 9, 2008 for failure to prosecute); <u>Carter, et al. v. Hamilton High School (West), et al.</u>,Civil No. 00-4330 (GEB)(dismissed on January 7, 2003, summary judgment having been granted in favor of defendants).  In all of these cases, after the matter was dismissed, Plaintiff continued to file motions to re-open, sometimes long after the dismissal of her case, and no direct appeal was ever taken.

In addition, based on numerous letters submitted by Plaintiff in some of the above-mentioned lawsuits, which letters contained sensitive and defamatory information, the Honorable Tonianne J. Bongiovanni, U.S.M.J., exercised her discretion in matters of docket control, <u>see</u> <u>U.S. S.E.C. v. Infinity Group Co.</u>, 212 F.3d 180, 197 (3d Cir. 2000), by issuing a Letter Order on August 18, 2009, that precludes Plaintiff from formally filing

16

any documents in nine of the above-mentioned actions, without first obtaining court approval to do so.  In response to this Letter Order, on or about August 21, 2009, Plaintiff hand delivered a purported pleading seeking to sue Judge Bongiovanni for her August 18, 2009 ruling.  This pleading has not yet been filed.

Finally, this Court observes that this instant action and an earlier Complaint filed by Plaintiff in Carter v. United States District Court, et al., Civil No. 09-2314 (JBS), essentially repeated allegations asserted and dismissed in prior lawsuits.  More egregiously, however, in both actions, Plaintiff sought to sue the District Judges simply because they dismissed her earlier lawsuits, rather than appeal their decisions to the Court of Appeals.  This conduct plainly demonstrates malicious pleading against the District Judges because there appears to be no other reason for Plaintiff's claims other than retaliation for their judicial rulings.

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice.  Thus, it is within this Court's inherent power to protect the courts from Plaintiff's oppressive, meritless, frivolous and vexatious litigation, by enjoining her from access to the federal court system without prior leave of this Court.  See Chambers v. NASCO, Inc., 501 U.S. 32 (1991);

17

<u>Inst. For Motivational Living, Inc. V. Doulos Inst. For Strategic
Consulting, Inc.</u>, No. 03-4177, 2004 WL 2241745, 110 Fed. Appx.
283 (3d Cir. 2004)(finding that "District Court had inherent
authority to impose [a] ... sanction" against a vexatious <u>pro</u> <u>se</u>
litigant).  Moreover, the All Writs Act, which provides in
pertinent part that "all courts established by Act of Congress
may issue all writs necessary or appropriate in aid of their
respective jurisdictions and agreeable to the usages and
principles of the law," 28 U.S.C. § 1651(a), lend further support
to the Court's ability to issue a restriction against this
Plaintiff.  The Third Circuit has held that Section 1651(a)
authorizes district courts to issue an injunction, thereby
restricting federal court access to parties who repeatedly file
frivolous lawsuits.  <u>See</u> <u>Abdul-Akbar v. Watson</u>, 901 F.2d 329, 332
(3d Cir.), <u>cert</u>. <u>denied</u>, 498 U.S. 806 (1990).

   Therefore, in the interest of promoting judicial efficiency
and deterring further frivolous filings, this Court, being
convinced, (i) that Plaintiff has demonstrated a "clear pattern
of abusing the litigation process by filing vexatious and
frivolous complaints," <u>In re Sassower</u>, 20 F.3d 42, 44 (2d Cir.
1994); <u>see</u> <u>also</u> <u>Brow v. Farrelly</u>, 994 F.2d 1027, 1038 (3d Cir.
1993) (indicating that exigent circumstances permitting a
District Court to restrict a litigant from filing claims pursuant
to 28 U.S.C. § 1651(a), include "a litigant's continuous abuse of

18

the judicial process by filing meritless and repetitive actions"), and (ii) that Plaintiff will continue to file papers in closed cases or commence new actions in this Court regarding the same or similarly baseless claims in the future, will issue an All Writs Injunction Order, pursuant to 28 U.S.C. § 1651(a). This Order will bar and enjoin Plaintiff from filing any document or pleading of any kind in this District Court as a pro se litigant, except in pending litigation, unless Plaintiff (1) first seeks leave of the Court granting Plaintiff written permission to file any such document or pleading and (2) a judge of the Court grants Plaintiff leave to file such document.  See Perry v. Gold & Laine, P.C., et al., 371 F. Supp.2d 622, 631-32 (D.N.J. 2005); Tilbury v. Aames Home Loan, et al., Civil No. 05-2033 (FLW), 2005 U.S. Dist. LEXIS 33455, *39-40 (D.N.J., Dec. 12, 2005), aff'd., No. 06-1214, 2006 U.S. App. LEXIS 22884, 19 Fed. Appx. 122 (3d Cir., Sept. 7, 2006); Smith v. Litton Loan Servicing, LP, 2005 WL 289927 (E.D. Pa., Feb. 4, 2005).

Moreover, the All Writs Injunction Order will require that Plaintiff include with any proposed filing undertaken in her capacity as a pro se plaintiff, except in pending litigation, a certification taken under oath stating: (1) that the complaint is not frivolous or vexatious, nor repetitive or violative of a court order, (2) that all claims presented have never been raised in this Court before and disposed of on the merits, and that it

19

is not barred by principles of claim or issue preclusion, (3) the proposed filing can survive a challenge under Fed.R.Civ.P. 12, (4) that all facts alleged in the complaint are believed to be true by Plaintiff, (5) that Plaintiff has no knowledge or belief that her claims are for any reason foreclosed by controlling law, and (6) that the pleading is in compliance with Fed.R.Civ.P. 11.

Further, the All Writs Injunction Order will direct that the Clerk of the Court shall not accept for filing any document or pleading of any kind submitted by or on behalf of Plaintiff in her capacity as a plaintiff appearing pro se, except (1) in pending litigation, (2) where a judge of the Court has first directed that the document or pleading be filed, or (3) papers to appeal the All Writs Injunction Order or to notify the Court of appellate action.

## CONCLUSION

For the reasons set forth above, this Court will dismiss with prejudice Plaintiff's Complaint, in its entirety, as against all named defendants, for failure to state a claim upon which relief may be granted and because Plaintiff seeks relief from defendants who are immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Finally, an All Writs Injunction Order shall issue immediately, precluding Plaintiff from filing any document or pleading of any kind with the Court as a pro se plaintiff, except in pending litigation, unless the leave-to-file

procedures set forth in the accompanying All Writs Injunction

Order are satisfied.  An appropriate Order accompanies this

Opinion.

                                    /s/ Freda L. Wolfson
                              FREDA L. WOLFSON
                              United States District Judge
Dated: September 1, 2009